# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
DASHAWN MORRIS,

|  |  |
|---|---|
| Plaintiff, | Summons |
| -against - | Index No. |
| WEDGEWOOD HALL OWNERS, INC., JANLEN MANAGEMENT CO. and JALEN REAL ESTATE CORP. | Plaintiff designates Kings County as the place of trial Basis of Venue: CPLR §503(c) |
| Defendants. | |

-----------------------------------------------------------------X

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorney(s) within twenty (20) days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Suffern, New York
       January 31, 2018

THE POST LAW FIRM, PLLC

By: CRAIG A. POST, ESQ.
Attorney for Plaintiffs
The Post Law Firm, PLLC
4 Executive Boulevard, STE 204
Suffern, New York 10901
(845) 547-2522

Defendants' Address:

7018 Ft. Hamilton Parkway
Brooklyn, NY 11228

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
DASHAWN MORRIS,

                               Plaintiff,                         Verified Complaint

                 -against -                         Index No.

WEDGEWOOD HALL OWNERS, INC., JANLEN
MANAGEMENT CO. and JALEN REAL
ESTATE CORP.
                              Defendants.
-----------------------------------------------------------------X

      The Plaintiff, by his attorneys, THE POST LAW FIRM, PLLC complaining of the Defendants, as and for his Complaint, respectfully alleges and states, upon information and belief, as follows:

      1.    That all times hereinafter mentioned plaintiff, DASHAWN MORRIS, was and still is a resident of the County of Richmond, State of New York and more particularly resides at 48 Grove Street, Staten Island, NY 10302.

      2.    That at all times hereinafter mentioned, the defendant, WEDGEWOOD HALL OWNERS, INC. (hereinafter referred to as "WEDGEWOOD") was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

      3.    That at all times hereinafter mentioned, the defendant, JANLEN MANAGEMENT CO. was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

      4.    That at all times hereinafter mentioned, the defendant, JALEN REAL ESTATE CORP. was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, the defendants maintained a principal place of business in the County of Kings, State of New York.

6. That at all times hereinafter mentioned the defendant, WEDGEWOOD, owned the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

7. That at all times hereinafter mentioned the defendant, WEDGEWOOD, operated the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

8. That at all times hereinafter mentioned the defendant, WEDGEWOOD, maintained the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

9. That at all times hereinafter mentioned the defendant, WEDGEWOOD, managed the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

10. That at all times hereinafter mentioned the defendant, WEDGEWOOD, controlled the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

11. That at all times hereinafter mentioned the defendant, JANLEN MANAGEMENT CO., owned the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

12. That at all times hereinafter mentioned the defendant, JANLEN MANAGEMENT CO., operated the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

13. That at all times hereinafter mentioned the defendant, JANLEN MANAGEMENT CO., maintained the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

14. That at all times hereinafter mentioned the defendant, JANLEN MANAGEMENT CO., managed the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

15. That at all times hereinafter mentioned the defendant, JANLEN MANAGEMENT CO., controlled the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

16. That at all times hereinafter mentioned the defendant, JALEN REAL ESTATE CORP., owned the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

17. That at all times hereinafter mentioned the defendant, JALEN REAL ESTATE CORP., operated the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

18. That at all times hereinafter mentioned the defendant, JALEN REAL ESTATE CORP., maintained the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

19. That at all times hereinafter mentioned the defendant, JALEN REAL ESTATE CORP., managed the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

20.     That at all times hereinafter mentioned the defendant, JALEN REAL ESTATE CORP., controlled the premises its appurtenances and fixtures thereto located at 2580 Ocean Parkway, Brooklyn, NY 11223.

21.     That at all times hereinafter mentioned, the defendants contracted, agreed and/or otherwise engaged ChutePlus LLC to provide trash chute cleaning services at the premises located at 2580 Ocean Parkway, Brooklyn, NY 11223.

22.     That at all times hereinafter mentioned, the plaintiff was an employee of ChutePlus LLC.

23.     That on and about September 13, 2016, the plaintiff was lawfully on the premises located at 2580 Ocean Parkway, Brooklyn, NY 11223 performing trash chute cleaning services in accordance with the agreement as aforesaid.

24.     That on and about September 13, 2016, and while the plaintiff was performing trash chute cleaning services in accordance with the agreement as aforesaid he was caused to sustain serious, severe and permanent personal bodily injuries.

25.     That the injuries as aforesaid took place solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees in failing to properly own, operate, maintain, manage, control, inspect, and repair or otherwise make safe the premises for those engaged to perform services therein; in failing to warn; in failing to reasonably and properly inspect and in failing to clear drains and drain grates, without this plaintiff in any way contributing thereto.

26.     By reason of the foregoing and the negligence of the defendants as aforesaid, the plaintiff sustained serious and severe injuries, pain and suffering, requiring hospital and related treatment and still suffers and will continue to suffer for

some time physical pain and weakness and serious bodily injury and otherwise became sick, sore, lame and disabled and so remains to date.

27. By reason of the foregoing and the negligence of the defendants as aforesaid the plaintiff is informed and verily believes that his aforesaid injuries are permanent and he will permanently suffer the effects of the aforesaid injuries.

28. That one or more of the exceptions set forth in Article 16 of the CPLR applies to the herein action.

29. By reason of the foregoing, the plaintiff, DASHAWN MORRIS has been damaged in a sum which far exceeds the jurisdictional limitations of all the lower Courts in the State of New York having jurisdiction of such matters.

WHEREFORE, the plaintiff demands judgment against the defendants in a sum which far exceeds the jurisdictional limitations of all the lower Courts of the State of New York having jurisdiction in such matters together with interest, costs and disbursements of this action.

DATED: January 31, 2018
Suffern, New York

THE POST LAW FIRM, PLLC

By: CRAIG A. POST, ESQ.
Attorney for Plaintiff
The Post Law Firm, PLLC
4 Executive Boulevard, STE 204
Suffern, New York 10901
(845) 547-2522

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF ROCKLAND )

Craig A. Post, the undersigned, am an attorney admitted to practice in the Courts of New York State, and verify that I am the attorney of record, or of counsel with the attorneys of record for the Plaintiffs. I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: books, records and documents contained in deponent's file and conversations had with Plaintiffs. The reason I make this affirmation instead of Plaintiffs is because Plaintiffs reside outside of the county where the undersigned maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Suffern, New York
January 31, 2018

_____
CRAIG A. POST