**LAW OFFICE OF JEFFREY FLEISCHMANN, P.C.**
150 Broadway, Suite 900
New York, New York 10038
Tel. (646) 657-9623
Fax (646) 351-069
Email: jf@lawjf.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

WEDGEWOOD HALL OWNERS, INC., a New York Corporation,

            Plaintiff,

  - against -

ASPEN AMERICAN INSURANCE COMPANY, a Connecticut Corporation,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

Case No. 20-cv-4839

Plaintiff WEDGEWOOD HALL OWNERS, INC. by way of Complaint hereby alleges as follows:

**PARTIES**

1.    Plaintiff Wedgewood Hall Owners, Inc. ("Wedgwood" or "Plaintiff") is a New York company with an address of 2580 Ocean Parkway, Brooklyn, New York 11235.

2.    Upon information and belief, Defendant Aspen American Insurance Company ("Aspen" or "Defendant") is a Connecticut company with an address of 176 Capital Boulevard, Suite 300, Rocky Hill, Connecticut 06067.

## FACTS COMMON TO ALL COUNTS

3. On or about December 28, 2015, Wedgewood and Aspen entered into an agreement whereby Aspen agreed to provide Wedgewood with insurance coverage as further set forth therein (the "Insurance Policy").

4. At all times relevant hereto, the Insurance Policy remained in effect.

5. In consideration for the Insurance Policy provided by Aspen, Wedgewood agreed to remunerate payments including annual premiums as further set forth in the Insurance Policy.

6. Additionally, in accordance with the terms of the Insurance Policy, the real property known as 2580 Ocean Parkway, Brooklyn, New York 11235 ("the Property") was a "covered property" as defined in the Insurance Policy.

7. On or about September 22, 2016, Wedgewood was informed of a claim in relation to the Property for bodily injuries allegedly sustained by an employee of ChutePlus, LLC ("ChutePlus") while the employee was performing remediation work at the Property under a contract between Wedgewood and ChutePlus.

8. Bodily injury constitutes a "covered loss" as defined in the agreement.

9. Shortly thereafter, in accordance with the Insurance Policy, Wedgewood submitted a claim arising from the covered loss to the Property to its insurance agent, RPK Professional Group, LLC ("RPK").

10. RPK assured Plaintiff that it would handle the matter through Aspen, the carrier that provided coverage for Wedgewood.

11. Wedgewood assumed that the matter was handled and resolved because it did not receive further communications from either RPK or Aspen.

12. RPK did not forward the claim to Aspen.

**The Supreme Court Action**

13. On or about January 31, 2018, an action was commenced by summons and complaint in the Supreme Court, Kings County, entitled *Dashawn Morris v. Wedgewood Hall Owners, Inc., Jalen Management Co. and Jalen Real Estate Corp.*, Index No.: 502034/2018 (the "Supreme Court Action") seeking a monetary judgment against Wedgewood for the alleged negligence of Wedgewood.

14. The summons and complaint were served on Wedgewood's property manager, Jalen Management Co. ("Jalen"), at its address located at 7018 Fort Hamilton Parkway, Brooklyn, New York.

15. Wedgewood was never served with a copy of the summons and complaint, nor was the summons and complaint delivered by Jalen to Wedgewood.

16. Wedgewood did not know that the Supreme Court Action had been commenced.

17. On or about May 16, 2018, plaintiff in the Supreme Court Action filed a motion seeking entry of a default judgment against Wedgewood (the "Motion for Default Judgment").

18. Plaintiff in the Supreme Court Action never served Wedgewood with a copy of the Motion for Default Judgment.

19. On or about July 10, 2018, the court granted plaintiff in the Supreme Court Action's Motion for Default Judgment, and a Default Judgment Order (the "Default Judgment Order") was entered against Wedgewood. The matter was subsequently scheduled for an inquest and assessment of damages.

20. Wedgewood was neither given notice of the entry of the Default Judgment Order nor of the scheduled inquest.

21. On or about October 11, 2019, a Judgment (the "Judgment") was entered for plaintiff in the Supreme Court Action and against Wedgewood in the amount of four hundred fifty thousand ($450,000.00) dollars for alleged bodily injury, and seven hundred and forty ($740.00) dollars with interest from July 10, 2018 for costs, for a total sum of four hundred fifty thousand seven hundred and forty dollars ($450,740.00).

22. The first time Wedgewood learned of the Judgment was after Notice of Entry of the Judgment was filed and served on October 22, 2019.

23. Wedgewood has filed a motion to vacate the Judgment, which, at the time of commencement of this action, is pending in the Supreme Court, Kings County.

24. The plaintiff in the Supreme Court Action has agreed to vacatur of the Judgment on the condition that Aspen agrees to providing coverage for the claim.

### COUNT ONE
### (Breach of Contract)

25. Plaintiff repeats and reiterates each and every allegation contained above as if specifically alleged herein.

26. On or about December 28, 2015, Wedgewood and Aspen entered into an agreement whereby Aspen agreed that it would provide insurance coverage to Wedgewood as further set forth therein (the "Insurance Policy").

27. Wedgewood performed all of its obligations under the Insurance Policy including, but not limited to, the payment of premiums.

28. In accordance with the Insurance Policy, Aspen was obligated to cover damages incurred by or against Wedgewood at the Property, including bodily injury.

29. Aspen wrongfully refused to provide insurance coverage to Wedgewood resulting from the damages incurred at the Property due to RPK's failure to timely submit the claim.

30. RPK's failure to timely notify Aspen was cured by plaintiff in the Supreme Court Action's conditional agreement to vacate the Judgment.

31. Aspen's conduct constitutes a material breach of contract.

32. As a direct and proximate result of Defendant's material breach of contract, Plaintiff has suffered and will continue to suffer substantial damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for (a) compensatory damages related to the subject claim of the Supreme Court Action in the amount of $450,740.00; (b) pre-judgment and post-judgment interest; (c) Plaintiff's expenses and attorneys' fees; and (d) such other and further relief as to Plaintiff as the Court deems equitable and just.

## COUNT TWO
### (Declaratory Judgment)

33. Plaintiff repeats and reiterates each and every allegation contained above as if specifically alleged herein.

34. There exists a justiciable and triable dispute and controversy between the parties which is ripe for adjudication.

35. The Insurance Policy requires Defendant to cover Plaintiff's damages with respect to the Property and the covered loss.

36. Defendant's conduct constitutes a substantial and material breach of the Agreement.

37. A declaratory judgment is appropriate and warranted at this time to determine the rights of the parties and to prevent further unnecessary damages to the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment declaring that Defendant must (a) provide coverage Plaintiff for damages incurred and uncovered in connection with the claim at issue in the

Supreme Court Action against the Property; (b) awarding Plaintiff's expenses and attorneys' fees; and (c) such other and further relief as to Plaintiff as the Court deems equitable and just.

## COUNT THREE
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

38. Plaintiff repeats and reiterates each and every allegation contained above as if specifically alleged herein.

39. A contract existed between Plaintiff and Defendant in the form of the Insurance Policy.

40. Plaintiff performed all of its obligations under the Insurance Policy including, but not limited to, the payment of premiums.

41. Defendant engaged in conduct without good faith and for the purpose of depriving Plaintiff with its contractual rights and benefits under the Insurance Policy.

42. Defendant's conduct constitutes a material breach of the implied covenant of good faith and fair dealing inherent in every contract.

43. As a direct and proximate result of Defendant's material breach of the implied covenant of good faith and fair dealings, Plaintiff has suffered and will continue to suffer substantial damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for (a) compensatory damages related to the subject claim of the Supreme Court Action in the amount of $450,740.00; (b) pre-judgment and post-judgment interest; (c) Plaintiff's expenses and attorneys' fees; and (d) such other and further relief as to Plaintiff as the Court deems equitable and just.

## COUNT FOUR
### (Breach of Covenant of Good Faith)

44. Plaintiff repeats and reiterates each and every allegation contained above as if specifically alleged herein.

45. New York law provides that insurance companies owe a duty of good faith to their insured in the processing of claims.

46. The Defendant was obligated to abide by its contractual duties to Plaintiff, pursuant to the Insurance Policy, in good faith.

47. Plaintiff in the Supreme Court Action has agreed to the vacatur of the Judgment on the condition that Defendant provides coverage for the claim.

48. The vacatur of the Judgment cures RPK's failure to timely notify Defendant of the claim.

49. Nevertheless, Defendant has refused to cover Plaintiff's damages incurred at the Property from covered loss.

50. Furthermore, Defendant's failure to provide insurance coverage was in reckless disregard of the facts of the matter which clearly evidenced that there was no reasonable basis for denying Plaintiff's claim.

51. As a result of Defendant's bad faith conduct, Plaintiff has suffered and will continue to suffer damages in the amount of $450,740.00 plus pre-judgment and post-judgment interest as a result of the Judgment that was entered against it.

52. Such damages were reasonably contemplated by the parties prior to contracting.

**WHEREFORE**, Plaintiff demands judgment against Defendant for (a) compensatory damages related to the subject claim of the Supreme Court Action in the amount of $450,740.00; (b) punitive damages; (c) pre-judgment and post-judgment interest; (d) Plaintiff' expenses and

attorneys' fees; and (e) such other and further relief as to Plaintiff as the Court deems equitable and just.

Dated: New York, New York
       November 27, 2020

**LAW OFFICE OF JEFFREY FLEISCHMANN PC**
*Attorneys for Plaintiff*

By:   /s/ Jeffrey Fleischmann
       Jeffrey Fleischmann, Esq.
150 Broadway, Suite 900
New York, N.Y. 10038
Tel.: (646) 657-9623
Fax: (646) 351-0694
Email: jf@lawjf.com