

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**ANNE M. MURRAY**
PARTNER
(516) 357-3108
anne.murray@rivkin.com

December 16, 2020

**BY ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Wedgewood Hall Owners, Inc. v. Aspen American Insurance Company*
            Case No.: 1:20-cv-04839-LDH-RLM
            RR File No.: 10012/98

Dear Judge DeArcy Hall:

      We represent Defendant, Aspen American Insurance Company ("Aspen"), in the above-referenced action ("Action") brought by Wedgewood Hall Owners, Inc. ("Plaintiff"). In accordance with Rule III.A.3 of Your Honor's Individual Practices, we respectfully submit this letter to set forth the grounds for Aspen's anticipated motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's third and fourth causes of action for "breach of the implied duty of good faith and fair dealing" and "breach of duty of good faith", and request for punitive damages from Aspen. As set forth below, Plaintiff's third and fourth causes of action are duplicative of Plaintiff's first cause of action for breach of contract and not cognizable under well-settled New York law. Aspen has requested that Plaintiff voluntarily dismiss its third and fourth causes of action, but Plaintiff has refused to do so. Accordingly, Aspen respectfully requests a pre-motion conference before Your Honor to discuss Aspen's anticipated motion to dismiss. Aspen's response to Plaintiff's complaint is due on December 18, 2020, making this request timely under Your Honor's Individual Practices.

      In this Action, Plaintiff seeks insurance coverage from Aspen for an underlying bodily injury action (the "Underlying Action") that claimant Dashawn Morris filed against Plaintiff in connection with an alleged September 13, 2016 incident (the "Incident") at an apartment building owned by Plaintiff. Aspen issued package policy no. BNY0002844-005 to Plaintiff (the "Aspen Policy"), effective from January 1, 2016 to January 1, 2017  Plaintiff did not notify Aspen of the Incident or the Underlying Action until October 2019, over three years after the Incident and after Mr. Morris obtained a default judgment against Plaintiff, in breach of the notice conditions of the Aspen Policy.

      Plaintiff's Complaint in this Action asserts four causes of action against Aspen: (1) Breach of Contract; (2) Declaratory Judgment; (3) Breach of Implied Covenant of Good Faith and Fair Dealing;

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

The Honorable LaShann DeArcy Hall
December 16, 2020
Page 2

and (4) Breach of Covenant of Good Faith.[1]  In connection with Plaintiff's fourth cause of action, Plaintiff seeks punitive damages in addition to compensatory damages.

This Action is a breach of contract case based upon Aspen's alleged improper refusal to defend and indemnify Plaintiff in connection with the Underlying Action under the Aspen Policy. Accordingly, Plaintiff's first and second causes of action are for breach of contract and declaratory judgment.  Plaintiff's third and fourth causes of action for breach of the implied covenant of good faith and fair dealing and breach of the covenant of good faith, based upon the same alleged facts, are duplicative of Plaintiff's first cause of action.  Further, Plaintiff has not and cannot plead the requisite elements for punitive damages from Aspen under New York law.

Indeed, like all contracts, insurance policies contain an implied duty of good faith and fair dealing; the breach of that duty is a breach of contract, no more.  *Fasolino Foods Co., Inc. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992); *Gordon v. Nationwide Mut. Ins. Co.*, 30 N.Y.2d 427, 437 (1972).  Thus, New York courts have viewed "breach of good faith" allegations, just like those pled by Plaintiff here, as wholly duplicative of a breach of contract claim and have routinely and consistently dismissed such claims as a matter of law.  *See, e.g.*, *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 319-20 (1995) (dismissing bad faith breach claim as duplicative of breach of contract claim despite allegations that insurer's denial and conduct were a "sham" and "vindictive"); *RJ Kitchen Assocs. v. Skalski*, 2019 U.S. Dist. LEXIS 31551, at *16-18 (E.D.N.Y. Feb. 25, 2019 ), *adopted by* 2019 U.S. Dist. LEXIS 44225 (March 15, 2019) (DeArcy Hall, J.) (dismissing claim for breach of implied covenant of good faith and fair dealing as redundant of breach of contract claim); *Refreshment Mgmt. Servs., Corp. v. Complete Office Supply Warehouse Corp.*, 89 A.D.3d 913, 915 (2d Dep't 2011) (dismissing cause of action for breach of implied covenant of good faith and fair dealing because it "merely duplicated the cause of action alleging breach of contract"); *Paterra v. Nationwide Mut. Fire Ins. Co.,* 38 A.D.3d 511, 513 (2d Dep't 2007) (dismissing claim for breach of implied covenant of good faith as duplicative of breach of contract claim because "there is no separate tort for bad faith refusal to comply with an insurance contract"); *Johnson v. Allstate Ins. Co.*, 33 A.D.3d 665, 666 (2d Dep't 2006) (denying plaintiffs' motion to amend complaint to include allegations that insurer denied coverage "maliciously and … [in] wanton disregard of the rights of the plaintiffs" as duplicative of existing cause of action for breach of insurance contract).  Put differently, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Blessing v. Sirius XM Radio Inc.*, 756 F. Supp. 2d 445, 460 (S.D.N.Y. 2010) (dismissing plaintiffs' breach of implied covenant of good faith and fair dealing claim as duplicative of their breach of contract claim).

---

[1] This letter is based upon the allegations in Plaintiff's Complaint and Aspen reserves its right to contest these allegations, as necessary.

RIVKIN RADLER  LLP

The Honorable LaShann DeArcy Hall
December 16, 2020
Page 3


Here, virtually every paragraph of Plaintiff's third cause of action refers to Plaintiff's contract with Aspen, i.e., the Aspen Policy, as the basis for Plaintiff's claim.  Likewise, the fourth cause of action concedes that Aspen's duty to act in good faith is one of its "contractual duties" (Compl. ¶ 46), and Plaintiff's claim for damages is based directly upon Aspen's purported duties under the Aspen Policy and alleges that Plaintiff's damages "were reasonably contemplated by the parties prior to contracting" (Compl. ¶ 53).  Accordingly, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and breach of covenant of good faith are grounded in and arise from Plaintiff's breach of contract claim.  They are duplicative and should be dismissed.

In New York, it is also well settled that damages arising from breach of contract are limited to the contract damages necessary to redress the private wrong.  *New York Univ.*, *supra*, 87 N.Y.2d at 315-316.  Thus, punitive damages are not recoverable for, as here, an alleged ordinary breach of contract, as their purpose is not to remedy private wrongs but to vindicate public rights.  *Rocanova v. Equitable Life Assur. Soc.*, 83 N.Y.2d 603, 613 (1994).  Indeed, the New York Court of Appeals has held that in order to recover punitive damages against an insurance company, it must be demonstrated that the company, in its dealings with the general public, engaged in a fraudulent scheme evincing such a high degree of moral turpitude and such wanton dishonesty as to imply a criminal indifference to civil obligations.  *See New York Univ.*, 87 N.Y.2d at 315-16; *Rocanova*, 83 N.Y.2d at 613; *Paterra, supra,* 38 A.D.3d at 513 (2nd Dept. 2007) (dismissing claim for punitive damages because alleged conduct did not warrant such damages to vindicate a public right); *Grazioli v. Encompass Ins. Co.*, 40 A.D.3d 696, 698 (2d Dep't 2007) (dismissing claim for punitive damages because complaint did not allege a pattern of egregious conduct directed at the public).  Punitive damages are not available for an isolated transaction, even if the conduct was reckless and unreasonable as Plaintiff alleges here.  *Cunningham v. Security Mut. Ins. Co.*, 260 A.D.2d 983, 985 (3d Dep't 1999); *Tate v. Metropolitan Life Ins. Co.*, 186 A.D.2d 859 (3d Dep't 1992); *Porter v. Allstate Ins. Co.*, 184 A.D.2d 685 (2d Dep't 1992).  Plaintiff has not and cannot plead the factual predicates to a claim for punitive damages.  Plaintiff's claim for punitive damages also should be dismissed.

Based upon the foregoing, Aspen respectfully requests a pre-motion conference in anticipation of filing a motion to dismiss.  We thank the Court for its consideration of this request.

                                        Respectfully submitted,

                                        RIVKIN RADLER LLP

                                        /s/ *Anne M. Murray*
                                        Anne M. Murray

cc:      Jeffrey Fleischmann, Esq. (**BY ECF**)

5069929.v1