# LAW OFFICE OF
# JEFFREY FLEISCHMANN, P.C.

150 Broadway, Suite 900
New York, N.Y. 10038

JEFFREY FLEISCHMANN

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

December 22, 2020

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       *Re: Wedgewood Hall Owners, Inc. v. Aspen American Insurance*
       *Company*; Case No.: 1:20-cv-04839

Dear Judge DeArcy Hall,

We represent Plaintiff Wedgewood Hall Owners, Inc. ("Wedgewood" or "Plaintiff") in the above-referenced matter. We write in response to Defendant's letter dated December 16, 2020 requesting a pre-motion conference before Your Honor to discuss Defendant's anticipated motion to dismiss.

As set forth in the Complaint, Plaintiff and Aspen American Insurance Company ("Aspen" or "Defendant") entered into an agreement whereby Aspen agreed that it would provide insurance coverage as set forth in the insurance policy. Wedgewood's breach of contract claim against Defendant is premised upon Aspen's failure and wrongful refusal to provide insurance coverage for the damages incurred at the Property due to RPK's failure to submit the claim, despite Wedgewood's curing of same. As a result of Aspen's failure to indemnify Wedgewood, Wedgewood has been damaged.

Contrary to Defendant's contentions, Plaintiff's third and fourth causes of action are not duplicative of Plaintiff's breach of contract claim, and do not warrant dismissal. As the Courts have noted, a plaintiff must allege "more than an arguable difference of opinion between carrier and insured over coverage." Liberty Surplus Ins. Corp. v. Segal Co., 420 F.3d 65, 70 (2d Cir. 2005) (quoting Sukup v. State of N.Y., 19 N.Y.2d 519, 522, 227 N.E.2d 842, 281 N.Y.S.2d 28 (1967)). Additionally, Plaintiffs must show "such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." Liberty Surplus Ins. Corp. v. Segal Co., 420 F.3d 65, 70 (2d Cir. 2005). Plaintiff in the Supreme Court action agreed to vacating the Judgment on the condition that Defendant provides overage of the claim. Defendant failed to do. Indeed, Plaintiff alleges that by denying coverage to Plaintiff, despite this provisional curing of the defect of notice, Defendant exercised has acted in bad faith and in a way that no other insurer would have acted in these circumstances. Because Plaintiff's causes of

action rest on Defendant's bad faith in denying coverage despite this cure—and not just in an ordinary breach—these claims lie on different facts than those premised on the breach of contract, and extend beyond a breach of contract claim. (See e.g., <u>Ret. Bd. of Policemen's Annuity & Benefit Fund v. Bank of N.Y. Mellon</u>, 2014 WL 3858469, at *3 [S.D.N.Y. 2014] [finding breach of good faith claim was not duplicative of breach of contract claim because they rested upon different facts]; <u>O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co.</u>, 2010 WL 2813804, at *4 [S.D.N.Y. 2010] [finding bad faith allegations that insurer inadequately investigated and inordinately delayed were not duplicative because they extended beyond a breach of insurance contract claim].)

Based upon the foregoing, a motion to dismiss Plaintiff's claim would be inappropriate.

                                                                               Respectfully submitted,
                                                                               /s/ Jeffrey Fleischmann
                                                                               Jeffrey Fleischmann